UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America,   :
                            :
          v.                :          File No. 1:01-CR-35
                            :
Grant Allen Boyd            :


MAGISTRATE JUDGE'S REVISED[1] REPORT AND RECOMMENDATION
(Papers 40, 43, 44, 52, 55 and 62)

On August 27, 2007, Grant Allen Boyd moved the Court to
vacate, set aside, or correct his sentence pursuant to 28
U.S.C. § 2255.  He has since moved to amend his motion to
delete any reference to § 2255, and to instead submit it as
a motion for summary judgment.  Boyd contends that the Court
had no jurisdiction to convict him because (1) he is an
independent sovereign and (2) the United States had no
jurisdiction over the land upon which he committed illegal
acts.  He also contends that 18 U.S.C. § 3231, which grants
district courts exclusive jurisdiction over all federal
offenses, is void.  The government asks the Court to
construe the motion as a § 2255 filing, and to deny it for
lack of merit.  For the reasons set forth below, I recommend
that the motion be DENIED.

---

[1]  This Report and Recommendation has been revised to incorporate arguments
presented in Boyd's memorandum of law filed on April 15, 2008.

Factual and Procedural Background

On March 13, 2001, Boyd was arrested at the port of entry at Highgate Springs, Vermont after trying to bring a controlled substance, methylenedoxy amphetamine, across the border from Canada.  On March 5, 2002, he entered a guilty plea in this Court.  On September 17, 2002, the Court sentenced him to a three year term of probation.  Boyd did not appeal his conviction and sentence.

The government reports that Boyd has since been convicted in the District of Massachusetts on three counts of possession with intent to distribute methamphetamines. On August 27, 2007, prior to his sentencing in Massachusetts, Boyd filed the instant § 2255 motion to vacate, set aside or correct his 2002 conviction.  (Paper 40).  On September 6, 2007, he moved to amend his motion to delete any reference to § 2255, claiming that a writ of habeas corpus "is a writ antecedent to statute" and that he is moving under his "Common Law Right."  (Paper 43 at 1). On September 10, 2007, Boyd moved the Court to treat his habeas filing as a "Petitioner-initiated motion for summary judgment."  (Paper 44 at 1).

As noted above, Boyd claims that this Court had no

jurisdiction over him.  His first argument is that he is a

"Common Law Citizen of the Republic by virtue of birth," and

that he is "NOT a subject of the Nation State nor a

[c]itizen of the United States corporation/democracy."

(Paper 40-3 at 7).  Boyd argues, in part, that the

jurisdiction of the United States extends only to a ten

square mile parcel known as the District of Columbia, and

that the Fourteenth Amendment did not transform white

citizens into citizens of the United States.  Id. at 5-6.

Boyd's second claim is that the federal government had

no jurisdiction over the "locus quo," meaning the place

where he was caught with illegal drugs in 2001.  He contends

that since there is no federal land between Vermont and

Canada, the federal government lacks ownership or title to

the "locus quo."  He further submits that the prosecution

failed to prove federal jurisdiction, and that he is,

therefore, entitled to habeas corpus relief.

Boyd previously submitted his claims to the United

States Attorney General, with copies to various other

federal agencies.  He requested that the Attorney General

provide proof of his claims, and warned that a failure to

respond "will be viewed as your tacit agreement and

stipulation to the facts, points, authorities and
understandings noted herein as they operate in favor of the
undersigned . . . ."   (Paper 40-6 at 16).   Boyd now alleges
that the Attorney General did not reply, that his factual
and legal claims are therefore undisputed, and that he is
entitled to judgment in his favor.

Discussion

Boyd's motion is clearly without merit.   He is a United
States citizen who was arrested at a Vermont port of entry
for carrying illegal drugs.   He pled guilty to violating
federal law, and now contends that he should have challenged
the Court's jurisdiction.

Boyd's claim that he is, himself, a sovereign and not
subject to federal law is plainly frivolous.   As to his
contention that the United States may only prosecute crimes
committed on federal land, "[t]he Supremacy Clause, the
Civil War, the decisions of the Supreme Court, and acts of
Congress make it clear that so long as there is a
constitutionally authorized federal nexus, the federal
government is free to act anywhere within the United
States."   United States v. Lampley, 127 F.3d 1231, 1245-46
(10th Cir. 1997) (citations omitted); see also 18 U.S.C. §

3231 (district courts have jurisdiction over all offenses against the United States); see United States v. Nixon, 418 U.S. 683, 694 (1974) (recognizing power of United States, as sovereign, to bring prosecution for violation of federal law).  Numerous authorities support Congress's broad authority to regulate illegal drug activity, see, e.g., United States v. Atkinson, 513 F.2d 38, 39-40 (4th Cir. 1975); United States v. Scales, 464 F.2d 371, 373-75 (6th Cir. 1972), and there can be little question that the federal government has an interest in controlling the trafficking of illegal drugs across its international borders.  This argument is, therefore, frivolous.  Boyd's claim that the Attorney General has somehow consented to these frivolous claims is equally meritless.[2]

In a supplemental memorandum, Boyd argues that the Court has no jurisdiction because 18 U.S.C. § 3231 is void. His arguments rests upon the contention that § 3231, which grants district courts exclusive jurisdiction over federal offenses, was never passed by the House of Representatives. In reviewing an identical claim, the Seventh Circuit

---

[2]  Boyd has also filed a motion for default judgment, arguing that the government failed to file a response by November 5, 2007.  (Paper 52).  The Court's docket, however, shows that the government's response was filed on that date.  (Paper 51).

concluded that this "assertion is incorrect; in fact, the House passed the bill in the first session of the 80[th] Congress and the Senate in the second, with the House then voting to pass the Senate version." United States v. Miles, 244 Fed. Appx. 31, 33 (7th Cir. 2007); see also United States v. Martinez, 2006 WL 1293261, at *5-*6 (S.D. Tex. May 6, 2006).  The Court should, therefore, reject this argument as well.

There remains the question of how to construe Boyd's motion.  Typically, a post-conviction challenge to jurisdiction is brought under § 2255.  See United States v. Lika, 344 F.3d 150, 153 (2d Cir. 2003).  If a district court chooses to construe a motion as a § 2255 filing, it must give the movant the opportunity to either agree to the recharacterization, or to withdraw the motion.  See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998).

In this case, Boyd has made clear that he does not want his motion characterized as a § 2255 filing.  It is also plain that his motion is frivolous.  Rather than waste additional time and resources going through the steps required for recharacterization, I recommend that the Court simply construe Boyd's motion as a non-habeas, post-

conviction filing and DENY it as meritless.

Conclusion

For the reasons set forth above, I recommend that Boyd's motion to vacate pursuant to § 2255 (Paper 40) and motion to amend (Paper 43) be DENIED as moot, that his motion for summary judgment (Paper 44) be DENIED, and that his motion for default judgment (Paper 52) also be DENIED. Because Boyd's substantive claims are frivolous, his motions for enlargement of time (Papers 55 and 62) are DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of June, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).